JS-6

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD WACHTER, | Case No. CV 14-7819 JFW (MRW) |
| Plaintiff, | **ORDER DISMISSING ACTION WITH PREJUDICE** |
| v. | |
| AUDREY KING, et al., | |
| Defendants. | |

The Court vacates the reference of this action to the Magistrate Judge and dismisses the action with prejudice. Plaintiff failed to state a plausible cause of action in three attempts, and ignored subsequent court orders regarding the action. The Court therefore dismisses the action for Plaintiff's failure to prosecute the action and to comply with orders of the Court

\* \* \*

This is a prisoner civil rights action. The state civilly committed Plaintiff to a prison hospital under the California Sexually Violent Predator Act (SVPA). Plaintiff generally contends that the methodology under the SVPA by which the state determined that he is likely to reoffend is fraudulent and unconstitutional.

1    Magistrate Judge Wilner screened the original complaint and two subsequent
2 versions pursuant to the Prison Litigation Reform Act [28 U.S.C. § 1915A].
3 Judge Wilner determined that the original complaint (Docket # 1) failed to state a
4 cause of action as a matter of federal law.  Through his lawsuit, Plaintiff sought a
5 federal court order releasing him from civil detention.  However, that is not an
6 available remedy in a civil rights action brought under 42 U.S.C. § 1983.  See, e.g.,
7 Huftile v. Miccio-Fonseca, 410 F.3d 1136, 1139-40 (9th Cir. 2005); Page v.
8 Finnberg, 286 F. App'x 499, 500 (9th Cir. 2008) (citing Huftile, "habeas relief was
9 available to a California sexually violent predator challenging his civil
10 commitment" instead of civil rights action).  On that basis, Judge Wilner declined
11 to order service of the Complaint.  (Docket # 5.)

12    The Court gave Plaintiff the opportunity to file an amended complaint.
13 Plaintiff's First Amended Complaint (Docket # 6) was virtually a word-for-word
14 copy of the original complaint.  The key difference was that Plaintiff sought money
15 damages against defendants (former and current officials in the state prison
16 hospital system) named in their "official" capacities.  Judge Wilner informed
17 Plaintiff that these were claims against the state offices themselves, and that
18 "prisoners can't sue states for monetary relief" under Section 1983.  Peralta v.
19 Dillard, 744 F.3d 1076, 1083 (9th Cir. 2014) (en banc) (citing Will v. Michigan
20 Dep't of State Police, 491 U.S. 58, 71 (1989)).  The Court again declined to order
21 service of the First Amended Complaint and gave Plaintiff another opportunity to
22 replead his case.  (Docket # 7.)

23    Plaintiff filed a Second Amended Complaint.  (Docket # 8.)  Plaintiff
24 attempted to sue the hospital executives in their individual capacities for money
25 damages.  However, the Court concluded that Plaintiff failed to allege any personal
26 interaction with any of those officials in the period before commencing the action.
27 (Docket # 9 at 1-2.)  On that basis, the magistrate judge determined that Plaintiff
28

had not pled facts sufficient to establish a plausible cause of action (<u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009)) or to facially come within the statute of limitations for a prisoner civil rights claim (<u>Elliott v. City of Union City</u>, 25 F.3d 800 (1994)).

The Court gave Plaintiff a final opportunity to plead a plausible cause of action or, alternatively, to voluntarily dismiss the action. (Docket # 9.) The Court specifically cautioned Plaintiff that failure to respond to the order could result in a recommendation that the action be dismissed for failure to prosecute and obey Court orders pursuant to Federal Rule of Civil Procedure 41(b). Despite the Court's warning, Plaintiff did not file a new version of the complaint. When the Court's deadline passed, Judge Wilner ordered Plaintiff to show cause why the action should not be dismissed. (Docket # 10.) The Court warned Plaintiff that his action would be terminated if he did not respond by or before March 16, 2015. (Docket # 10.) To date, Plaintiff has not responded to the order to show cause or complied with the Court's previous screening order.

\* \* \*

Rule 41(b) provides that if a plaintiff "fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Dismissal also may be ordered by the Court <u>sua sponte</u>. <u>Link v. Wabash R.R.</u>, 370 U.S. 626, 629-30 (1962). Dismissal of a civil action under Rule 41 may be appropriate to advance the public's interest in the expeditious resolution of litigation, the court's need to manage its docket, and to avoid the risk of prejudice to defendants. <u>Omstead v. Dell, Inc.</u>, 594 F.3d 1081, 1084 (9th Cir. 2010). Additionally, a court should consider public policy favoring disposition of cases on their merits and the availability of less drastic alternatives in its evaluation. <u>Carey v. King</u>, 856 F.2d 1439, 1440 (9th Cir. 1988).

3

1	In the present action, the Court finds dismissal of the action is appropriate.
2	Plaintiff had three opportunities to plead a plausible cause of action, but was
3	unable do so.  (Docket # 1, 6, 8.)  Moreover, Plaintiff has not responded to the last
4	two orders of the Court at all.  (Docket # 9, 10.)  Plaintiff's failure to respond to
5	those orders demonstrates that he has no interest in advancing the action here.
6	By contrast, the Court, the defense, and the public have a strong interest in
7	terminating this action.  The Court finds that dismissal is appropriate under
8	Rule 41(b).  Furthermore, because Plaintiff is a pro se litigant who did not abide by
9	the Court's recent orders, no sanction short of dismissal will be effective in moving
10	this case forward.  Carey, 856 F.2d at 1440.
11	Accordingly, for the above reasons, this action is DISMISSED with
12	prejudice.  See Fed. R. Civ. P. 41(b) (dismissal under rule ordinarily "operates as
13	an adjudication on the merits").
14	IT IS SO ORDERED.

16	Dated: April 3, 2015                    _____
17	                                        HON. JOHN F. WALTER
                                            UNITED STATES DISTRICT JUDGE